UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-64(DSD/HB)

United States of America

      Plaintiff,

v.  **ORDER**

Clifton Earl Donald,

      Defendant.

    Thomas Calhoun-Lopez, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Clifton Earl Donald, Reg. No. 18455-041, FCI-Oxford, P.O. Box 1000, Oxford, WI 53953, defendant pro se.

This matter is before the court upon the pro se motion by defendant Clifton Earl Donald to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

On April 20, 2015, Donald pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(b), and 846, and one count of use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). In the plea agreement, Donald agreed to accept a ten-year term of imprisonment (five years per count to run consecutive to one another pursuant to statute).

See ECF No. 19 ¶¶ 2, 3, 6f, 61.

On June 1, 2016, the court sentenced Donald to the 120-month mandatory minimum sentence as contemplated by the plea agreement and as required by statute. Donald timely appealed his sentence to the Eighth Circuit Court of Appeals, but later withdrew his appeal. ECF Nos. 50, 60. The Eighth Circuit issued its final judgment and mandate on July 25, 2016. ECF Nos. 60, 61. Donald did not file a petition for certiorari with the United States Supreme Court.

On June 19, 2017, Donald filed this motion under § 2255, arguing that his constitutional rights were violated because his counsel was constitutionally ineffective for failing to make several objections to the Presentence Investigation Report.

**DISCUSSION**

**I. Application for Writ of Habeas Corpus**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted

2

as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because Donald's allegations are baseless as a matter of law.

**A. Timeliness of Motion**

The government argues that the motion should be denied as untimely because the judgment became final on the date of sentencing, over one year before Donald filed his motion. The court disagrees. Relevant here, a motion under § 2255 must be made within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The question raised in this case is whether Donald's voluntary dismissal of his appeal affects the date of the judgment. The court finds that it does not. Because Donald filed a timely notice of appeal, it would be inequitable in the extreme to hold that the limitations period retroactively commenced on the date of sentencing rather than the conclusion of the appellate proceedings.

At the very earliest, the limitations period commenced when the Eighth Circuit issued its mandate, July 25, 2016. More likely, though, Donald had an additional 90 days from the issuance of the mandate to file the motion: "If a federal prisoner does not file

3

a petition for certiorari with the Supreme Court on direct review, '§ 2255's one-year limitation period starts to run when the time for seeking such review [90 days] expires.'" Camacho v. Hobbs, 774 F.3d 931, 933 (8th Cir. 2015) (quoting Clay v. United States, 537 U.S. 522, 527 (2003)). This principle applies even if a defendant voluntarily dismisses his appeal. See Courtney v. United States, No. 4:07-261, 2011 WL 906644, at *6 (E.D. Ark. Mar. 16, 2011) ("[T]he fact that a convicted person voluntarily dismisses his appeal does not preclude his filing a petition for writ of certiorari in the Supreme Court of the United States pursuant to 28 U.S.C. § 1254. Hence, the period of limitations under § 2255(f)(1) begins to run 90 days after a convicted person voluntarily dismisses his appeal."); see also Latham v. United States, 527 F.3d 651, 652-53 (7th Cir. 2008) ("Section 1254 ... allows 'any' party, including a prevailing party, to petition for certiorari. It also allows review whether or not a court of appeals has issued a final decision. All that is necessary is that a case be 'in' the court of appeals."). Either way, Donald's motion is timely.

**B. Merits**

Donald alleges that his counsel was ineffective for failing to raise several objections to the Presentence Investigation Report (PSR). Donald's motion fails on the merits.

To establish a claim of ineffective assistance of counsel, Donald must meet both prongs of the test set forth in Strickland v.

4

Washington, 466 U.S. 668 (1984). First, Donald must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Id. at 687. Second, he must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

As an initial matter, Donald's claim fails because he cannot show the requisite prejudice. Even if the objections he now raises were brought to the court's attention at the time of sentencing, they would not and could not have changed his sentence. As Donald acknowledged in the plea agreement and at the plea hearing, he faced a mandatory minimum sentence of five years on each count of conviction to run consecutive to one another. The court imposed the mandatory minimum sentence. None of the arguments Donald now raises would have changed the outcome.

Nor do the objections evince deficient performance by Donald's counsel.[1] Donald first argues that his counsel was ineffective for failing to argue for a downward departure under the safety valve, U.S.S.G. § 5C1.2. Id. Exs. C and D. But Donald's criminal history score (four points), precludes application of the safety valve. See PSR ¶¶ 42, 44, 45; see also U.S.S.G. § 5C1.2(a)(1) (requiring

---

[1] Several objections are merely recitations of the court's obligation to follow the guidelines and the law in sentencing, but do not contain any allegation that the court failed to do so. See ECF No. 64, Exs. A, B, H, and I. The court will not address those objections.

5

that defendant have no more than one criminal history point). Donald's admitted use of a firearm during and in relation to a drug trafficking offense also renders him ineligible for relief under the safety valve. See U.S.S.G. § 5C1.2(a)(2) (precluding application of the safety valve when defendant possessed a firearm in connection with the offense).

Donald also argues that his counsel was ineffective for failing to object to the PSR's calculation of his criminal history points. See ECF No. 64, Exs. E and F. According to Donald, had his counsel done so successfully, he would have been eligible for the safety valve. Donald's arguments on this point are baseless; the PSR scored his criminal history correctly. Even if his arguments in this regard had merit, as noted, Donald's possession of a firearm during commission of the crime also precludes application of the safety valve.

Although not entirely clear, Donald also seems to argue that there was insufficient evidence to establish his guilt on the firearms count. Id. Ex. G. But Donald pleaded guilty to that count knowingly and voluntarily. This argument is also without merit.

Finally, Donald argues that his counsel should have argued for a sentence below the mandatory minimum. As already discussed, Donald acknowledged the mandatory sentence he faced in the plea agreement and at the plea hearing. Further, there was no basis for

his counsel to credibly argue for a lower sentence.  As a result, his counsel was not deficient in this or any other regard.

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).  As discussed, the court is firmly convinced that Donald's claim is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments.  A certificate of appealability is not warranted.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 63] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 18, 2017

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court